Andrew Reichardt, Utah Bar # 11343
Attorney for Sarah McBeth
5330 South 900 East, Suite 115
Salt Lake City, UT 84117
(801) 261-3400
andrew@utdisability.com

___

**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION**

| | | |
|---|---|---|
| SARAH MCBETH, | § § § | |
| Plaintiff, | § § | **ERISA COMPLAINT** |
| v. | § § § | |
| UNUM LIFE INSURANCE COMPANY OF AMERICA, | § § § | Civil Act. No.: |
| Defendant. | § § | |

___

**COMPLAINT FOR RECOVERY OF PLAN BENEFITS AND FOR THE
ENFORCEMENT OF RIGHTS UNDER ERISA**

COMES NOW, Plaintiff, SARAH MCBETH, and makes the following representations to the Court for the purpose of obtaining relief from Defendant's refusal to pay Long Term Disability benefits due under an employee benefits plan, and for Defendant's other violations of the Employee Retirement Income Security Act of 1974 ("ERISA"):

**JURISDICTION AND VENUE**

1.  This Court's jurisdiction is invoked pursuant to 28 U.S.C. § 1337 and 29 U.S.C. § 1132(e) (ERISA § 502(e)).  Plaintiff's claims "relate to" an "employee welfare benefits plan" as defined by ERISA, 29 U.S.C. § 1001 et seq. and the subject Disability Plan

constitutes a "plan under ERISA."

2.     The ERISA statute, at 29 U.S.C. § 1133, as well as Department of Labor regulations, at 29 C.F.R. § 2560.503-1 provide a mechanism for administrative or internal appeal of benefits denials.  In this case, those avenues of appeal have been exhausted and this matter is now properly before this court for judicial review.

3.     Venue is proper within the Central Division of the District of Utah pursuant to 29 U.S.C. § 1132(e)(2).

## PARTIES

4.     Plaintiff, Sarah McBeth, (hereinafter "Plaintiff"), is currently, and was at all times relevant times, a resident of Salt Lake County, Utah.

5.     Plaintiff alleges upon information and belief that Unum Life Insurance Company of America (hereinafter "Unum") is an insurance company authorized to transact the business of insurance in this state.  Unum is the underwriter for Group Policy Number 553880 001 and may be served with process by serving Corporation Service Company, 15 W. South Temple, Suite 600, Salt Lake City, UT 84101.

6.     Plaintiff alleges upon information and belief that Defendant Unum established the policies and procedures governing the payment or denial of claims, the policy for document retention and otherwise established the procedures under which the decision-makers made the decision to deny benefits that is the subject of this lawsuit, and was the *de facto* decision-maker in Plaintiff's claim.

## FACTS

7.     Plaintiff was employed by Costco Wholesale Corporation in its Utah office.  By virtue of her employment, Plaintiff is a participant or beneficiary of the Costco Employee

Benefits Program – Long Term Disability Plan ("Plan") providing participants with coverage under group disability insurance policy number 553880 001, issued by Unum.

8. The Plan provides for coverage for fourteen different types of employees. Plaintiff is a "Group 8" participant as a part time hourly employee enrolled in Costco's medical plan.

9. Participants are subject to an elimination period of 180 calendar days.

10. Group 8 employees are considered disabled when, due to sickness or injury:

> 1. You are limited from performing the material and substantial duties of your own job or a reasonable alternative offered to you by your Employer; and,
>
> 2. You have a 20% or more loss in your indexed monthly earnings due to the same sickness or injury

11. After benefits have been paid for 9 months, the definition of disability shifts from a limitation in the ability to perform one's own job to an inability to perform the duties of any gainful activity for which the participant is reasonably fitted by education, training or experience.

12. Born in 1980, Plaintiff was 39 years old when she stopped working due to her disability. The Plan provides benefits until age 67 for participants that become disabled prior to age 62.

13. Benefit payments are equivalent to 60% of the participant's monthly earnings up to $15,000 per month subject to reduction by certain deductible sources of income, such as Social Security benefits or wages during a period of disability.

14. Plaintiff ceased work due to a disability on or about October 17, 2019 while covered under the Plan.

15. Plaintiff submitted an application for long term disability benefits pursuant to the

Plan. Unum approved benefits on May 8, 2020, determining Plaintiff was unable to perform her own job as a Membership Assistant.

16. Shortly thereafter, Unum investigated whether Plaintiff met the shifting definition of disability using the "any gainful activity" standard. By letter dated March 9, 2021, Unum informed Plaintiff that benefits had been terminated relying upon the "any gainful activity standard."

17. In accordance with the review procedures set forth in the Plan, 29 U.S.C. § 1133, and 29 C.F.R. § 2560.503-1, Plaintiff appealed the termination of benefits, arguing that she met the Plan's definition of disability.

18. By letter dated July 14, 2021, Unum denied Plaintiff's appeal.

19. Plaintiff has exhausted the required plan appeals. The final decision was issued on July 14, 2021 refusing to reinstate long term disability benefits.

20. Plaintiff has been and continues to be disabled as defined by the provisions of the Plan.

21. The Plan documents do not grant discretion or any purported grant of discretion is not sufficient to grant discretion to the entity that made the decision to deny benefits.

22. The Court's standard of review is de novo under <u>Firestone Tire & Rubber Co. v. Bruch</u>, 489 U.S. 101 (1989).

23. The entity that made the decision to deny benefits would pay any benefits due out of its own funds.

24. The entity that made the decision to deny benefits was under a perpetual conflict of interest because the benefits would have been paid out of its own funds.

25.     The entity that made the decision to deny benefits allowed its concern over its own funds to influence its decision-making.

### FIRST CAUSE OF ACTION
### FOR PLAN BENEFITS AGAINST DEFENDANT
### PURSUANT TO 29 U.S.C. §§ 1132(a)(1)(B)

Plaintiff incorporates the allegations contained in paragraphs 1 through 25 as if fully stated herein and states further that:

26.     Under the terms of the plan, Defendant agreed to provide Plaintiff with Long Term Disability benefits in the event that Plaintiff became disabled as defined by the plan, and to continue benefits through age 67, so long as Plaintiff remained disabled.

27.     Plaintiff remains disabled under the terms of the plan.

28.     Defendant failed to provide benefits due under the terms of the plan, and this denial of benefits to Plaintiff constitutes a breach of the plan.

29.     The decision to deny benefits was wrong under the terms of the plan.

30.     The decision to deny benefits and the decision-making process were arbitrary and capricious.

31.     The decision to deny benefits was not supported by substantial evidence in the administrative record.

32.     As a direct and proximate result of the aforementioned conduct of Defendant in failing to provide benefits for Plaintiff's disability, Plaintiff has been damaged in the amount equal to the amount of benefits to which Plaintiff would have been entitled under the plan.

33.     As a direct and proximate result of the aforementioned conduct of the Defendant in failing to provide benefits for Plaintiff's disability, Plaintiff has suffered, and will

continue to suffer in the future, damages under the Plan, plus interest and other damages, for a total amount to be determined.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Sarah McBeth, requests that this Court grant her the following relief in this case:

**On Plaintiff's First Cause of Action:**

1. A finding in favor of Plaintiff against Defendant;

2. Damages in the amount equal to the disability benefits to which he was entitled through date of judgment, for unpaid benefits pursuant to 29 U.S.C. § 1132(a)(1)(B);

3. An Order requiring Defendant to pay continuing benefits in the future so long as Plaintiff remains disabled under the terms of the Plan.

4. Plaintiff's reasonable attorney fees and costs pursuant to 29 U.S.C. § 1132(g); and

5. Such other relief as this court deems just and proper.


Plaintiff further requests that the Court order Defendant to provide to Plaintiff a bound copy of the administrative record consecutively paginated.


Dated this 17th day of February, 2022.


                                                Respectfully Submitted,

                                                ANDREW REICHARDT
                                                ATTORNEY FOR PLAINTIFF

BY:     /s/ Andrew Reichardt
        Andrew Reichardt (#11343)
        The Law Office of Andrew Reichardt, PLLC
        5330 South 900 East, #115
        Salt Lake City, UT 84117
        Phone: (801) 261-3400
        Fax: (801) 261-3535
        E-mail: andrew@utdisability.com